[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff brings this action to contest the dismissal of her complaint of employment discrimination; General Statutes §§ 46a-58 (a), 46a-60 (a)(1), 46a-60 (a) (8) (C) and Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000, et seq., by the Commission on Human Rights and Opportunities (CHRO). This case is brought pursuant to § 46a-83a and the Uniform Administrative Procedures Act (UAPA), General Statutes §§4-166 et seq., 4-183 (j).
The plaintiff's complaint was filed on October 12, 1995. Her employer, Modern Air Services (MAS), responded by denying that plaintiff was an employee (R. pp. 128-35), and alleging non-discriminatory performance related reasons for the termination of her independent contractor status. (R. pp. 69-73, 85-89, 99-100, 109-40.) The complaint was referred to a CHRO investigator who on January 4, 1996, dismissed the complaint under the agency's Merit Assessment Review process. General Statutes § 46a-83b. The basis of the dismissal was indicated to be:
 your complaint has been reviewed out for the reason that there is no reasonable possibility that further investigation will result in a finding of reasonable cause inasmuch as it was determined that you were not an employee of [MAS]. It appears that you were an independent contractor. As such there is no employer/employee relationship and we therefore lack jurisdiction. [MAS] has provided documentation to verify this. You did not provide any additional or substantive evidence which might refute the response.
(R. p. 25.)
The plaintiff requested reconsideration of the dismissal, which was denied on October 8, 1996. This appeal was timely filed on November 21, 1996. The Answer and Record were filed on March 14, 1997, with a Supplement to the Record filed on May 19, 1997. Briefs were filed by the plaintiff on April 9, 1997, CHRO on July 24, 1997, and the employer Modern Air Services on May 7, 1997. The parties were heard in oral argument on December 2, 1997.
Section 46a-83 sets forth the merit assessment review process.[1] Such review of the file "shall" be accomplished CT Page 13454 within ninety days. The review includes the complaint, answer, responses to CHRO information requests and complainant's comments to the answer and information responses.
Section 46a-54-68 (a) of the Regulations of Connecticut State Agencies indicates that "The complainant . . . has a duty to provide any and all information . . . which relates to any contested allegation of the complaint." Section 46a-54-67 (b) of the Regulations of Connecticut State Agencies requires complainant's comments to be filed within fifteen days of complainant's receipt of respondent's answer and responses to the CHRO's request for information.
The plaintiff's employer responded to the complaint on December 15, 1995. (R. p. 102.) Unfortunately, the employer forwarded plaintiff only copies of its answer and response to the information request (forms 103 and 201 R. pp. 85-89 and 99-100) without the extensive attachments thereto. Plaintiff failed to comment within fifteen days of her receipt of the portion of the employer's response. The CHRO investigator-dismissed the case on the basis of the information available within the 90 day period provided for the merit assessment review. (January 4, 1997 would have been the 84th day from the October 12, 1996 complaint.)
The information provided by the respondent MAS demonstrated that plaintiff was an independent contractor retained on an interim basis to perform part-time services of an accounting and computer programming basis. The information also indicated that the relationship was severed because of dissatisfaction with plaintiff's performance of her work assignments. The plaintiff did not refute such information which was contained in the portion of the MAS response which she had received.
Plaintiff argues that since MAS failed to provide her with all the attachments to its response to the CHRO, plaintiff was relieved of her obligation to respond. (Plaintiff's Brief pp. 12-15.)
The MAS response that plaintiff received clearly set forth the dispositive issue of whether plaintiff was an employee.[2]
In the face of this response plaintiff took no action passively awaiting transmittal of the attachments to the MAS answers.[3] Plaintiff has no authority for the proposition that the respondent's failure to transmit all attachments to its CT Page 13455 response somehow either waived the ninety day merit assessment schedule or relieved her of her "duty to provide any and all information in her . . . possession . . . which relates to any contested allegation of the complaint or answer." Her employment status was clearly contested in view of the response she received.
Plaintiff would have a stronger claim of administrative fairness[4] if she took any action from on or about December 15, 1996, until the dismissal on January 4, 1997. In addition to the statutory language mandating a merit assessment review within 90 days; plaintiff was specifically so advised by the CHRO. (R. 44A-0.) She also had the right to a private cause of action. (R. p. 44F-G.)
The plaintiff knew that she had not received the attachment to the MAS response, and that the ninety day period would expire early in January 1996, but took no action.
In response to plaintiff's request for reconsideration the CHRO noted:
 1. The complainant [plaintiff] did not notify the Commission or provide a copy of documentation to the respondent that they had not received the referenced affidavits. The complainant did not indicate that anyone had heard the alleged comments in her affidavit or provide a witness list. The respondent did provide responses to all affidavits allegations and the Commission's request for information of sufficient detail to permit the complainant to provide a response.
 2. The information[5] provided in the reconsideration request was not new and just received to qualify as falling within the reconsideration criteria as new material.
(Footnote not in original.) (R. p. 7.)
"Ultimately, the question is not whether the trial court would have reached the same conclusion but whether the record before the [agency] supports the action taken." (Internal quotation marks omitted.) Miko v. CHRO, 220 Conn. 192, 201
(1991). "[I]f the decision is reasonably supported by the record, CT Page 13456 it must be sustained." Ierardi v. CHRO, 15 Conn. App. 569, 582, cert. denied, 209 Conn. 813 (1988).
"Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable . . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the administrative agency on the weight of the evidence or questions of fact." (Citations and internal quotation marks.)Dolgner v. Alander, 237 Conn. 272, 280 (1996).
"The substantial evidence rule governs judicial review of administrative fact-finding under the UAPA. General Statutes § 4-183 (j) (5) and (6). An administrative finding is supported by substantial evidence if the record affords a substantial basis of fact from which the fact in issue can be reasonably inferred. The substantial evidence rule imposes an important limitation on the power of the courts to overturn a decision of an administrative agency . . . and to provide a more restrictive standard of review than standards embodying review of weight of the evidence or clearly erroneous action." (Citations and internal quotation marks omitted; footnote omitted.) Dolgnerv. Alander, supra, 237 Conn. 281. Substantial evidence "is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." (Citations and internal quotation marks omitted.) Id.
The record contains the following evidence which supports the conclusion that plaintiff was not an employee of MAS: Plaintiff on occasion worked at her home. (R. p. 130.) She set her own hours of work. (R. p. 132.) Plaintiff was not given a W-2 wage form, but was provided miscellaneous income Form 1099. (R. pp. 99, 130, 136.) Plaintiff was replaced by other independent contractor consultants to perform the bookkeeping and computer services. (R. p. 132.) Plaintiff billed for her services on an hourly basis form. (R. p. 138.)
Employee status is an obvious prerequisite to maintaining a complaint of employment discrimination. Alexander v. Rush NorthShore Medical Center, 101 F.3d 487 (7th Cir. 1996). CT Page 13457
The appeal is dismissed.
Robert F. McWeeny, J.